PUBLICKER COMMERCIAL ALCOHOL COMPANY, PLAIN-TIFF-APPELLANT, v. GEORGE N. BICK, TRADING AS ESSEX CHEMICAL COMPANY, DEFENDANT-APPELLEE.

Submitted October term, 1934—Decided February 13, 1935.

Before Brogan, Chief Justice, and Justices Parker and Bodine.

For the plaintiff-appellant, *Pitney, Hardin & Skinner* (*William H. Osborne, Jr.,* of counsel).

For the defendant-appellee, *Fast & Fast* (*Louis A. Fast,* of counsel).

The opinion of the court was delivered by

Brogan, Chief Justice. This is plaintiff's appeal from a judgment of the Essex County Court of Common Pleas. The trial court directed a verdict in favor of the defendant.

Briefly stated, the facts in the case are that on May 16th, 1929, the plaintiff, Publicker Commercial Alcohol Company, a manufacturer, contracted to sell to the defendant a large quantity of alcohol, the minimum three hundred thousand gallons and the maximum four hundred thousand gallons. This contract was signed on behalf of the seller, plaintiff, by one J. J. Smith and accepted by the buyer, defendant, Essex Chemical Company, by George N. Bick.

A letter, dated May 28th, 1929, was received by the defendant from a corporation called Publicker, Incorporated, signed by the same J. J. Smith, as sales manager, enclosing duplicate copy of the contract above mentioned. The letter refers in passing to the contract for the purchase of alcohol and then goes on to say, "As further agreed, we are immediately proceeding to plan for the installation at your plant in Newark, N. J., five, 10,000 gallon storage tanks which are to be placed on your property * * * we will install this equipment at your expense with the understanding that (*sic*) at the end of two years' time you have bought and we have delivered 500,000 gallons, the equipment reverts to your ownership."

The tanks were erected, some alcohol shipped, and thereafter difficulty between the parties arose, the plaintiff charging that the defendant did not live up to the covenant to purchase the quantity of alcohol agreed upon and defendant, in turn, charging bad faith against the plaintiff, claiming that certain representatives of the plaintiff had undermined its business by calling upon its customers, soliciting their trade direct and offering to supply commercial alcohol to the defendant's customers at a lower price than the defendant was paying under its contract with the plaintiff.

In the formal contract between the plaintiff and defendant, it was agreed in paragraph 11 of the covenants as follows: "Any controversy or claim arising out of or relating to this contract shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association and judgment upon an award rendered may be entered in the court, state or federal, having jurisdiction."

The parties, plaintiff and defendant, went before arbitrators with their grievances. It will be noted that the plaintiff was the seller of the alcohol while it was Publicker, Incorporated, that installed the tanks. It will also be noted that the same person, J. J. Smith, executed the contract for the plaintiff and also signed the letter of Publicker, Incorporated, regarding the installation of the tanks.

As to the arbitration, the record shows that the plaintiff filed with the arbitrators a "statement of the controversy," alleging (a) that the defendant failed to pay a balance due on alcohol that had been delivered; (b) that the defendant breached its contract as to the purchase of the minimum quantity of alcohol called for in the agreement between the parties, for which it claimed loss of profit, and (c) that the defendant neglected or refused to return or pay for metal containers or drums belonging to the plaintiff in which the alcohol had been delivered. The plaintiff therefore claimed a balance due on delivered merchandise of $7,009, together with interest: $28,692.18 for its loss of profit on the unfulfilled contract of purchase and $1,596, with interest, for the drums.

The defendant, in its answer before the board of arbitra-

tion, says that it agreed with a Mr. Newman, president of Publicker Commercial Alcohol Company, that "at the expense of the Publicker concern" the five ten thousand gallon storage tanks were to be erected on the property of the defendant; that everything was harmonious up to January, 1930, when it was learned that the plaintiff's agents had canvassed the defendant's trade and offered these customers of the defendant the same commodity at a lower price, as stated above. The defendant claims damages for profits lost to it, by what it charges was the plaintiff's breach of contract.

The arbitrators, after hearing the parties and receiving their briefs, which are printed in the state of the case, filed an award in which they allowed the plaintiff, Publicker Commercial Alcohol Company, $7,009 without interest as and for its damage for the unpaid bill of the plaintiff on the alcohol that had been delivered. They disallowed the claim of the plaintiff for profits on the amount of alcohol which the defendant had covenanted to purchase, but had not taken, and allowed $378 to the plaintiff for its claim for the drums delivered to the defendant. As to the defendant, they disallowed its claim against the plaintiff for the profit that the defendant claimed to have lost because of plaintiff's tactics, and as to the tanks, which were erected on the defendant's land by Publicker, Incorporated, made disposition of that matter in this language: "We direct that the storage tanks installed on the premises of George N. Bick, trading as Essex Chemical Company [the defendant] shall become the property of said George N. Bick unless removed from said premises by the Publicker Commercial Alcohol Corporation within sixty days from the date of this award, and the premises restored to a normal condition," and concluded the award with this statement: "We, therefore Award to the Publicker Commercial Alcohol Corporation the sum of $7,378 against George N. Bick, trading as Essex Chemical Company in full settlement of the claims of either party against the other under the contract of May 16th, 1929."

The defendant paid the damages as fixed by the arbitrators and the plaintiff received it without protest of any kind.

Manifestly the award of the three business men making up

the arbitration board was a compromise, dealing out justice to the parties as they saw it accordingly as the rights and equities of the parties appeared, without being disturbed about technique or legal niceties. The defendant, according to the record before us, abided by the award, first, by promptly paying the amount fixed as damages and, again, by manifesting willingness to have the tanks removed. However, on May 4th, 1932, six days before the time limited for removing the tanks from the defendant's property had expired, Publicker, Incorporated, assigned all its right, title and interest in the tanks to the plaintiff, Publicker Commercial Alcohol Company, which party did not remove the tanks within the time limited but, after the expiration of the time fixed by the determination of the arbitrators, sued for the value of the tanks.

The trial court, at the conclusion of the case, the defendant having put into evidence the testimony taken before the arbitrators (only parts of which are contained in the record before us), and the several exhibits which have been alluded to, directed a verdict for the defendant. The plaintiff appeals from the judgment entered on the ground that it was error for the court to rule that the award of the arbitrators was binding upon the parties. The other grounds of appeal, and there are seven additional, concerning admission and rejection of evidence, are without merit. The trial court committed no error in the admission or exclusion of testimony.

The main question argued by the appellant here is that the award could not bind or affect the rights of Publicker, Incorporated, since that company was not a party to the arbitration proceedings and that the subsequent assignment of the interest of that company to the appellant transferred to it all the rights that Publicker, Incorporated, had in that property and that since the right of Publicker, Incorporated, in the property was unassailable, the plaintiff's right was equally good.

From the testimony, it is apparent that these two companies were, in the main. identical save for the fact that each had its own certificate of incorporation. The officers of each company were the same persons.

The defendant paid for the tanks when they were installed and reimbursed itself by deducting the amount so expended from the invoices for the alcohol which the plaintiff delivered under the contract.

At the time the award was made, the plaintiff thoroughly understood its import and received its benefits. The defendant performed according to the strict letter of the determination and the plaintiff, having accepted the benefits of the award, cannot now repudiate it in any essential that may be displeasing to it.

The only grounds upon which the award could be challenged in a court of law or equity are that the arbitrators exceeded the scope of the inquiry or misbehaved themselves or that the award or arbitration was procured by corruption or other undue means. (Arbitration and References, 1 *Comp. Stat., p.* 103, § 1.) These latter elements are not present in this case. The plaintiff did not attack the award but accepted it. There was no application for rehearing or modification either to the arbitrators or to a law court.

Newman's testimony for the plaintiff would indicate a transaction only between the parties plaintiff and defendant. The letter of May 28th, 1929 (*supra*), indicates that Publicker, Incorporated, was inseparably connected with plaintiff corporation even to the extent of forwarding to the defendant the contract of purchase and sale, both of which, viz., the letter of Publicker, Incorporated, and the contract of Publicker Commercial Alcohol Company, were signed by the same person.

The award is obviously based on mutual breaches. If the defendant alone were in default it would have had to pay interest on the amount of the unpaid balance as well as have had to pay damages for its unfulfilled contract of purchase. Manifestly, the arbitrators found that the plaintiff had breached the contract on its part since the board awarded the tanks, conditionally, to the defendant. The cases cited in support of the appellant's position are those where the board of arbitration went outside of the scope of the inquiry or assumed jurisdiction over subject-matter where it had none. We cannot say that the question of the tanks was foreign

to the matters submitted to or outside the jurisdiction of the arbitrators. These parties expressly contracted in contemplation of settling disputes before arbitrators, if disputes arose. They erected their own court, so to speak, and if dissatisfied with the judgment of the tribunal of their own selection the statute on arbitration (1 *Comp. Stat.*, *p.* 103, as amended by *Pamph. L.* 1923, *ch.* 134, *p.* 294, § 10) is conclusive as to the remedy to be invoked. It provides for the manner in which an award may be modified or corrected. Under subdivision B of paragraph 10 of that amendment (*supra*) we find that where the arbitrators have awarded upon a matter not submitted to them (assuming the question of the tanks was not before them), unless it is a matter affecting the merits of the decision upon the matters submitted, then the court *must* make an order modifying or correcting the award. The appellant not having gone to a law court to enforce a modification of the award, we may assume that the question of the tanks was a matter affecting the merits of the controversy.

The whole controversy would have been decided differently in a court of law or, to put it another way, it could not have been decided in the manner that the board of arbitrators determined it. The party plaintiff having taken the fruits of the award as far as it could, and having failed to reclaim the tanks within the time limited in the award, and having likewise failed to apply to the court, if it was dissatisfied, for an order modifying or correcting the award, is now estopped from attacking the award. When the plaintiff accepted an assignment from Publicker, Incorporated, of whatever right, title and interest Publicker, Incorporated, had in the tanks it knew full well exactly what the situation was and that the tanks had already been awarded to it on condition of its removing them, which it did not choose to do.

We find no error in the court's direction of verdict in favor of the defendant and the judgment will therefore be affirmed, with costs.